**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re :                                                                    Case No. **6:10-bk-19511-KSJ**
                                                                                Chapter 7

**Susan Dawn Harrison**

                          Debtor(s).

_____/

AMENDED MOTION FOR APPROVAL AND NOTICE OF COMPROMISE AND SETTLEMENT
BETWEEN TRUSTEE, DEBTOR & THE  DEFENDANT MANUFACTURER
CONCERNING THE PRODUCT LIABILITY LAWSUIT

MARIE E. HENKEL, Trustee of the above captioned debtor estate, pursuant to F.R.B.P. 9  019, moves for approval of a proposed compromise and settlement between the Trustee, Debtor  Susan Dawn Harrison and the defendant  manufacturer in the  product liability lawsuit and gives notice to all interested parties of the proposed compromise.

BACKGROUND AND CONTROVERSIES

1.  Debtor Susan Dawn Harrison filed a Chapter 7 bankruptcy petition on October 29, 2010.  Prior to the petition date, Debtor was surgically implanted with a medical device product.  Thereafter, Debtor asserted that she suffered injuries related to the implanted medical device product, resulting in a product liability lawsuit against the manufacturer of the medical device.

NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING

Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a  party in interest files a response within  twenty-one (21) days from the date set forth on the attached proof of  service, plus an additional three days for service if any party was served by U.S. M ail.  If you obj ect to the relief request ed in this paper, you must file a response with the Cl erk of the U.S. Bankruptcy Cour t, 400 W. W ashington St., Ste. 5100, Orlando, FL 32801 and serve a copy on Mari      e E. Henkel, Trustee, 3560 S Magnolia Ave., Orlando, FL 32806; Kristen L. Henkel,  Esq., 3560 S. Magnolia Ave., Orlando, FL 32806; and on U. S. Trustee, 400 W. Washington St., Ste. 1100, Orlando, FL 32801.

If you file and serve a response within the ti    me permitted, the Court will either s  chedule and notify you of a hearing, or consid er the response and grant or  deny the relief requested without hearing.  If you do not file a response within the time permitted, the Court will consider that you do not opp ose the relief requested  in the pap er, will p roceed to  con sider the paper withou  t further notice or hearing, and may grant the relief requested.

2. The claim against the medical device manufacturer was not listed among the assets reported by the Debtor on Schedule B to the petition (docket no. 1).

3. Trustee was contacted by Debtor's counsel regarding the existence of this claim. The bankruptcy case was reopened and Trustee contacted the attorney retained in 2011 by Debtor to prosecute this claim. Trustee determined that said attorney was best equipped to continue to represent the estate in recovering damages in connection with the claim. An Order authorizing employment of Special Counsel Meghan McCormick, Esq., of Levin Simes, LLP, was entered on March 14, 2016 (docket no. 29).

4. Special Counsel for the estate investigated the claim, made demands on the defendant manufacturer, conducted discovery, joined multi-district litigation and negotiated a settlement of the claim for $1,200,000.00. Special Counsel has advised Trustee to accept the settlement offered by the defendant manufacturer in the gross settlement amount of $1,200,000.00.

5. Trustee believes that the compromise of the claim for $1,200,000.00, is reasonable.

6. The settlement proceeds are subject to medical liens.

7. The settlement award, as approved, provides for the following payments :

|  | Gross Award | $1,200,000.00 |
|---|---|---|
| a. Attorneys' Fees |  | ( 412,000.00)* |
| b. Multi-District Common Benefit Fees Assessment (4% of gross settlement) |  | ( 48,000.00) |
| c. Attorneys' Expenses |  | ( 66,409.69) |
| d. Multi-District Litigation Cost Assessment (1% of gross settlement) |  | ( 12,000.00) |
| e. Medical Liens |  | ( 12,438.66) |
| United Healthcare - $633.16; Health First Plan -$11,805.50 |  |  |
| Net | Proceeds | $ 649,151.65 |

* $247,200.00 (60% of fees) to Levin Simes; $164,800.00 (40% of fees) to Nance Cacciatore pursuant to attorneys' agreement

After payment of legal fees, expenses, and medical liens, there will remain $649,151.65, as net settlement proceeds.

8. Special Counsel has advised that the settlement funds are being held in a qualified settlement fund and the Settlement Fund Trustee of such qualified settlement fund is responsible for disbursing the proceeds under the terms of the settlement.

9. Special Counsel has further advised that the funds to pay attorneys' fees and costs and Trustee's portion of the remaining proceeds, after payment of the fees, costs and expenses under the settlement, are typically released by the Settlement Fund Trustee to Special Counsel's law firm and they handle payment to Trustee, while the amounts for the Court Ordered Common Benefit Assessment, and liens are held back and paid directly by the Settlement Fund Trustee to the appropriate recipients.

## THE COMPROMISE

10. Trustee and Debtor agree to resolve the claim      for the gross   settlement am ount of  $1,200,000.00, subject to payment and deduction from such amount for costs, fees and expenses under the settlement, i n return for a general release of all claims against the medical devi ce manufacturer in the product liability lawsuit, arising from the implantation of a medical device in Debtor.

## BEST INTEREST OF THE ESTATE

11.  Absent the settlement, Debtor's product liability lawsuit would have to be litigated with no assurance of a favorable outcome to Debtor.      While Trustee's Special Counsel believes Debtor's lawsuit is meritorious, the probability of succeeding in further  litigation is uncertain.  The resolution of the product liability lawsuit via the set tlement provides a reasonabl e and favorable outcome to Debtor and eliminates the risk of not prevailing in further litigation.

12.  Trustee believes that the costs of litigation would diminish the recovery to creditors in this matter.

13.  Trustee believes that this settlement is in the best interest of creditors, Debtor and the estate.

14.  This proposed settlement and Motion are being  noticed to all  creditors pursuant to Federal Rule of Bankruptcy Procedure 9019.

15.  The legal standard for approval of settlement   in  the Eleventh Circuit is as outlined  in *In re Justice Oaks, II, Ltd.,* 898 F.2d 1522, 1549 (11th Cir.) *cert denied* 498 U.S. 959 (1990). *Justice Oaks, II* requires that the Court consider : (1) the     probability of success  in litigation; (2) the   difficulties, if  any, to be encountered i n the matter of collection;  (3) the complexity of the litigation involved and  the expense, inconvenience and delay  necessarily attending to it;  a nd (4) the paramount interest of  creditors and the proper deference to their r easonable views in the premises.  Trustee believes that the settlement complies with the legal principles relied upon within these authorities.

16. The settlement  will permit the immediate liquidation of an unliquidated asset    of the   estate.  The Trustee believes the settlement is in     the best interest of the creditors    and interested parties   because it settles the controversy without further cost, risk or delays necessitated by litigation.

17.  Trustee seeks entry of an Order approving the settlement offered by the medical device manufacturer in the gross settlement amount of $1,200,000.00, authorizing disbursement of :

      a)  $412,000.00, for attorneys' fees,

      b)  $ 48,000.00, for Common Benefit Fee Assessment

      c)  $ 66,409.69, for attorneys' expenses

      d)  $12,000.00. for Multi-District Cost Assessment,

e) $12,438.66, for medical liens,

18. The Settlement Fund Trustee shall disburse the    funds - minus all related to the common benefit assessment and final lien amounts – to Special Counsel to pay attorneys' fees and all costs and expenses, and Special Counsel shall remit the remaining net proceeds in the amount of $649,151.65, to Trustee.

19. By this Motion, Trustee requests the Court find that (i)    Trustee, on behalf of Trustee and the bankruptcy estate, and Debtor, are authorized to    enter into, execute and deliver any    and all release documentation required by    defendants and any    other documents or instruments, if any, necessary or appropriate in order to effectuate the release of claims (the "Release); (ii) upon the Release becoming effective in accordance with its terms, all persons and entities,    including, without limitation, Debtor, Trustee and the bankruptcy estate, and any person or entity claiming, or who could claim, by, through or on behalf of Debtor, Trustee and/or the bankruptcy estate, shall be and hereby are permanently enjoined from asserting or prosecuting any released claims; and (iii) the Release, and any and all documents and instruments executed by Trustee and/or Debtor agreeing to the release of the claims, is and shall be valid, binding and enforceable according to their terms.

WHEREFORE, Trustee prays that the Court, after notice and no response from any party, enter an Order approving the settlement of Debtor's product liability/personal injury lawsuit in the gross settlement amount of $1,200,000.00; authorizing payment of the settlement funds, subject to deductions and holdbacks for costs, fees and expenses, to be paid to Special Counsel for Trustee; authorizing the release and waiver of any interest in or any claims or rights Debtor, Trustee and/or the bankruptcy estate may or could have regarding, arising from or related to Debtor's product liability claims; and authorizing Trustee and Debtor to execute and deliver   any and all documents necessary to effectuate a full release, waiver and settlement of the claims, including, but not limited to, executing the Release, and for such other and further relief as the Court deems just and proper.

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion was furnished by first class United States Mail, postage pre-paid, or by electronic delivery, to all persons on a mailing matrix, attached to the original of this document, as furnished by the Clerk's office on March 15, 2017.

/s/ Marie E. Henkel

Marie E. Henkel, Trustee
Florida Bar No. 260320
3560 South Magnolia Avenue
Orlando, Florida 32806
Telephone : (407) 438-6738
Facisimile : (407) 858-9466