## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

In re :

Susan Dawn Harrison　　　　　　　　　　　　　　　　Case No. 6:10-bk-19511-KSJ
　　　　　　　　Debtor.　　　　　　　　　　　　　　　　Chapter 7
_____/

## MOTION FOR APPROVAL AND NOTICE OF
## COMPROMISE AND SETTLEMENT BETWEEN TRUSTEE AND DEBTOR

MARIE E. HENKEL, Trustee of the above-captioned debtor estate, pursuant to F.R.B.P. 9019, moves for approval of a proposed compromise and settlement between the Trustee and the Debtor, Susan Dawn Harrison, and gives notice to all interested parties of the proposed compromise.

---

### NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING

Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within twenty-one (21) days from the date set forth on the attached proof of service, plus an additional three days for service if any party was served by U.S. Mail.  If you object to the relief requested in this paper, you must file a response with the Clerk of the U.S. Bankruptcy Court, 400 W. Washington St., Ste. 5100, Orlando, FL 32801 and serve a copy on Marie E. Henkel, Trustee, 3560 S Magnolia Ave., Orlando, FL 32806; and on U. S. Trustee, 400 W. Washington St., Ste. 1100, Orlando, FL 32801.

If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing, or consider the response and grant or deny the relief requested without hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

---

## BACKGROUND AND CONTROVERSIES

1.	Debtor, Susan Dawn Harrison, filed a Chapter 7 bankruptcy petition on October 10, 2010. Prior to the petition date, Debtor was surgically implanted with a medical device that was later determined to be defective. Debtor has undergone corrective surgeries and continues to deal with the injury caused by the defective device.

2.	At the time the bankruptcy petition was filed, Debtor was not aware that a possible claim could be made based upon products liability involving the defective medical device. Therefore, the Debtor's original Schedule B to the petition did not disclose the existence of a claim for personal injury based on product liability. The case was closed as a no-asset case in 2011 and later reopened by the Trustee after the Debtor advised Trustee of the claim. When the Debtor learned that a products liability claim could be asserted for Debtor's injuries is an undetermined issue of fact.

3.	With court approval, the Trustee retained as special counsel for the estate, the attorney hired in 2011 by the Debtor to prosecute the claim (Doc. No. 29).

4.	Special litigation counsel succeeded in reaching a settlement with the product manufacturer for the gross sum of $1,200,000.

5.	The Trustee and the Debtor were parties to the settlement with the product manufacturer and agreed to the form of the motion to obtain approval of the settlement (Doc. No. 32), which was approved by this Court's Order Approving Compromise (Doc. No. 33).

6.	The Debtor contends that the claim is not property of the estate and the settlement proceeds should be paid to her. The Debtor asserts that, in light of ongoing medical issues resulting from implantation of the defective product, her cause of action against the manufacturer was not sufficiently rooted in her pre-bankruptcy past and therefore accrued post-petition. Case

law reveals fact patterns where, although claims may be rooted in the pre-bankruptcy past, they are not sufficiently rooted there.

7. The Trustee and the Debtor agree that the issue is complex and sometimes, as in this case, more subjective than objective. It is an all-or-nothing proposition. The claim belongs to the Debtor, 100 percent, or to the estate.

8. The Trustee concedes that the equities lie in favor of the Debtor, who continues to endure the medical aftermath.

9. Accordingly, the Trustee has reached an agreement with the Debtor for an equitable division of settlement proceeds as described below.

## THE COMPROMISE

10. The Trustee and the Debtors have agreed to divide the gross settlement proceeds as follows: $675,848.35, of the settlement proceeds to the Trustee, on behalf of the bankruptcy estate, and $524,151.65, of the settlement proceeds to the Debtor, with the Trustee paying all costs of the litigation from her share of the gross proceeds.

## BEST INTEREST OF THE ESTATE

11. Absent the settlement, entitlement to the settlement proceeds would have to be litigated, at significant cost and with no assurance of a favorable outcome to the estate. Resolution of the issue via the settlement provides a reasonable and favorable outcome to both the estate and the Debtor and eliminates the cost and risk of further litigation.

12. The Trustee believes that this settlement is in the best interest of creditors, the Debtor, and the estate.

13. This proposed settlement and motion are being noticed to all creditors pursuant to Federal Rule of Bankruptcy Procedure 9019.

14. The legal standard for approval of compromises in the Eleventh Circuit is as outlined in *In re Justice Oaks, II, Ltd.,* 898 F.2d 1544, 1549 (11th Cir. 1990). *Justice Oaks* requires that the Court consider: (1) the probability of success in litigation; (2) the difficulties, if any, to be encountered in the matter of collection; (3) the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending to it; and (4) the paramount interest of creditors and the proper deference to their reasonable views in the premises. The Trustee believes that the settlement comports with the legal principles enunciated in *Justice Oaks*.

15. The Trustee believes success in overcoming the Debtor's claim that the product liability action accrued post-petition is possible but not probable, particularly in light of the equities of the case as noted above.

16. Collection difficulty is not an issue.

17. Litigation between the estate and the Debtor would be complex. The settlement, on the other hand, will permit a significant distribution to creditors, avoiding the risk of the case having to be closed again as a no-asset case. The Trustee believes the settlement is in the best interest of creditors and interested parties because it settles the controversy without further cost, risk or delays necessitated by litigation.

18. While the Trustee has not canvassed creditors, they will be afforded an opportunity to be heard under Local Rule 2002-4 (negative notice). The Trustee anticipates that creditors will recognize the benefits of the compromise.

WHEREFORE, Trustee requests that the Court approve the compromise as described herein.

*/s/ Marie E. Henkel*
**Marie E. Henkel, Trustee**

Florida Bar No. 260320
3560 South Magnolia Avenue
Orlando, Florida 32806
Telephone : (407) 438-6738
Facsimile  : (407) 858-9466

## CERTIFICATE OF SERVICE

I certify that on April 27, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

I further certify that on April 27, 2017, I served the foregoing via U.S. mail, postage prepaid to all non-CM/ECF participants on the attached mailing matrix.

*/s/ Marie E. Henkel*
**Marie E. Henkel, Trustee**