ORDERED.

Dated: November 14, 2018

_____
Karen S. Jennemann
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re ) | |
| ) | |
| SUSAN DAWN HARRISON, ) | Case No. 6:10-bk-19511-KSJ |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | |

**ORDER OVERRULING DEBTOR'S OBJECTION TO**
**CHAPTER 7 TRUSTEE'S APPLICATION FOR COMPENSATION**

This case came before the Court on November 1, 2018, to consider the Chapter 7 Trustee's Application for Compensation and the Debtor's Objection to Application.[1] The Court reviewed the Application, the Objection, and the corresponding statute 11 U.S.C. § 326.[2] A Chapter 7 Trustee's compensation is calculated according to a formula outlined in the statute

---

[1] Doc. Nos. 87, 88.

[2] The Chapter 7 Trustee's compensation is dictated by statute: "(a) In a case under chapter 7 or 11, the court may allow reasonable compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed 25 percent on the first $5,000 or less, 10 percent on any amount in excess of $5,000 but not in excess of $50,000, 5 percent on any amount in excess of $50,000 but not in excess of $1,000,000, and reasonable compensation not to exceed 3 percent of such moneys in excess of $1,000,000, upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims." 11 U.S.C. § 326(a).

1

based on the money disbursed by the Trustee to parties in interest, excluding the Debtor.[3] The Chapter 7 Trustee, Marie Henkel, is entitled to compensation calculated on the full $1.2 million collected, minus the monies that were paid to the Debtor out of the settlement ($524,151.65) and that will be paid to the Debtor after all other claims are paid ($12,808.77). Debtor objects primarily to increase the monies paid to her but advances no cogent reason why the Chapter 7 Trustee is not entitled to the full statutory compensation allowed by 11 U.S.C. § 326. Accordingly, it is

**ORDERED:**

1. Debtor's Objection to Application (Doc. No. 88) is **OVERRULED.**
2. The Chapter 7 Trustee is entitled to her full statutorily allowed compensation of $36,401.98.

###

Trustee, Marie Henkel, is directed to serve a copy of this order

---

[3] *Id.*